```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
BETTY M. MONCION,                                                :
                                                                 :
                           Plaintiff,                            :
                                                                 :   MEMORANDUM AND ORDER
              – against –                                        :   21-CV-3120 (AMD) (LB)
                                                                 :
THE CITY OF NEW YORK NYPD,                                       :
                                                                 :
                           Defendant.                            :
---------------------------------------------------------------- X
```

**ANN M. DONNELLY**, United States District Judge:

On October 23, 2020, the *pro se* plaintiff filed this action in the United States District Court for the Southern District of New York. (ECF No. 1.)[1] That court granted the plaintiff's application to proceed *in forma pauperis*, dismissed claims related to an incident that occurred in Manhattan, and transferred the remaining claims to this Court on June 1, 2021. (ECF No. 9.) For the reasons that follow, the complaint is dismissed. The plaintiff is granted leave to amend the complaint within 30 days of this order.

## BACKGROUND

On November 12, 2019, the plaintiff left the Staten Island ferry and got on the S91 bus to return home. (ECF No. 1 at 6.) She could not find her MetroCard before boarding the bus, and told the bus driver that she would look for it. (*Id.*) After she found her MetroCard, she walked back to the front of the bus and paid. (*Id.*) "As soon as" she paid, "a person who gives out summons [told her] to get out of the bus because [she] didn't pay." (*Id.*) The plaintiff told this

---

[1] The plaintiff filed a form complaint for civil actions. In the section about the basis for jurisdiction, the plaintiff checked the box for federal question jurisdiction and stated that the basis for jurisdiction is "1983 discrimination and put my life in danger." (ECF No. 1 at 2.)

person that she had paid and had her "30-day metro card as proof." (*Id.*) The person "asked for [the plaintiff's] ID for the ticket she was writing up and [the plaintiff] refused to give it to her" because she felt like she "did nothing wrong." (*Id.*) The person "called the police from the nearest precinct." (*Id.*) Although the plaintiff names three police officers—Strype (2615); Lasales (2703); and Kildvff (10008)—she does not describe any interactions with them or any other police officers. (*See id.*)

The plaintiff seeks $200,000 in damages because the defendant "put [her] life in danger and used discrimination that made [her] suffer and pain, and trauma." (*Id.* at 8.)

## STANDARD OF REVIEW

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks, alterations, and citations omitted).

Because the plaintiff is proceeding *pro se*, I construe her complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, I must dismiss *sua sponte* an

*in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If "a liberal reading of the complaint gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

In addition, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. The Federal Rules of Civil Procedure require the court to "dismiss the action" if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed."). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when the plaintiff and defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

**DISCUSSION**

The plaintiff asserts that the basis for jurisdiction in this action is "1983 discrimination and put my life in danger," which suggests she is pleading a civil rights claim under 42 U.S.C. § 1983. "[T]o state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New*

3

*York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).

The plaintiff names the City of New York NYPD as the sole defendant. However, "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Jackson v. Cty. of Nassau*, No. 07-CV-245, 2010 WL 335581, at *5 (E.D.N.Y. Jan. 22, 2010) (quoting *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)). Accordingly, the City of New York NYPD must be dismissed from this action. *See Campbell v. New York City*, No. 12-CV-2179, 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2012) (dismissing the NYPD and NYDOC because they are "non-suable agencies of the City of New York").

Moreover, the plaintiff has not alleged that any NYPD police officer violated her constitutional rights. In her complaint, the plaintiff identified three police officers who presumably responded to the incident described in the complaint, but she does not supply any facts about her interactions with any police officer. Though she claims that she suffered "discrimination" and that her life was put "in danger," she does not explain how the officers discriminated against her or put her in danger. Since the plaintiff has pled no facts to support her Section 1983 claims, those claims must be dismissed.[2]

Because the plaintiff is proceeding *pro se,* I grant her leave to amend her complaint within 30 days of the date of this order. The plaintiff must name the individual officers in the caption of the amended complaint and describe what each defendant did that violated her constitutional rights. The plaintiff is advised that an amended complaint completely replaces the original complaint, so she must include in the amended complaint all the necessary information

---

[2] There is no other basis for federal subject matter jurisdiction over the action.

to support her claims. Any amended complaint must be captioned "Amended Complaint" and bear the same docket number as this order (21-CV-3120 (AMD) (LB)). If she wishes, the plaintiff may contact the Federal Pro Se Legal Assistance Project of the City Bar Justice Center at (212) 382-4729 for limited guidance on amending her complaint.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). The plaintiff may file an amended complaint, as described above, within 30 days of the date of this order.

No summons will issue at this time, and all further proceedings will be stayed for 30 days. If the plaintiff does not file an amended complaint within 30 days, judgment dismissing this action will be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the plaintiff and to note mailing on the docket.

**SO ORDERED.**

s/Ann M. Donnelly
───────────────────────
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      July 8, 2021